OPINION
Appellant, Stults Associates, Inc., and appellee, United Mobile Homes, Inc., entered into an agreement whereby appellant would provide engineering services to appellee. Following a dispute between the parties, appellant filed a complaint against appellee in the Court of Common Pleas for Marion County, Ohio on June 2, 1995. Appellee filed a counterclaim therein. Subsequently, the trial court dismissed appellee's counterclaim on procedural grounds.
On June 4, 1997, appellant filed the underlying complaint sub judice,
claiming appellee failed/refused to pay attorney fees to appellant in its defense of the counterclaim in the Marion County case. Appellant claimed attorney fees were due and owing pursuant to paragraph nine of their agreement. Appellee filed an answer and counterclaim on October 28, 1997.
On March 11, 1999, appellant filed a motion for summary judgment as to the counterclaim. On April 14, 1999, appellee filed a motion for summary judgment on its counterclaim and appellant's complaint. By judgment entry filed October 30, 2000, the trial court granted appellee's motion and terminated appellant's case.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error is as follows:
 I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN OVERRULING PLAINTIFF/APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AS TO LIABILITY, AND SUSTAINING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 I
Appellant claims the trial court erred in denying its motion for summary judgment and in granting appellee's. We disagree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio inState ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
This action involves appellant's claim for the enforcement of a contractual agreement specifically, paragraph nine dealing with attorney fees. Appellant argues it is entitled to attorney fees as a result of a dismissal on procedural grounds of appellee's counterclaim in a previous case between the parties, Marion County C.P. No. 95-CV-0197.
Appellee argues the action sub judice is barred by the doctrine of resjudicata or in the alternative, paragraph nine of the agreement should be interpreted to allow for attorney fees when an issue is resolved on the merits only. Both parties agree there are no genuine issues of material fact. By judgment entry filed October 30, 2000, the trial court found paragraph nine was enforceable only "upon a decision on the substantive merits of actions envisioned under the provisions of paragraphs nine and ten."
After reviewing the briefs, docket and judgments of the Marion County and court of appeals cases, we find the action sub judice is barred by the doctrine of res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, syllabus. We find res judicata to apply for the following reasons. In the Marion County case, the trial court specifically denied appellant leave to file a supplemental pleading on the issue of attorney fees in relation to paragraph nine of the agreement, explaining the following:
 Although this Court did grant summary judgment in favor of plaintiff regarding defendant's counterclaim, it did so because of the mandate contained in Sec. 1703.29 of Ohio Revised Code. The Court ruled that defendant's Ohio affiliate lacked standing because of the failure to register to do business within the State. The Court did not rule on the merits of, nor the propriety of, the defendant's counterclaims in a substantive fashion. Accordingly, it seems inequitable to allow the plaintiff to amend its pleadings at this late date to include the supplemental relief requested.
An appeal was made to the Third District Court of Appeals, Case No. 9-97-66, wherein appellant specifically cross-appealed the issue of attorney fees, assigning as error the following:
 The trial court erred in failing to award all attorney fees to cross-appellant for prosecution of its claims and the defense of defendant-appellant's affirmative defenses.
The issue of attorney fees in relation to paragraph nine of the agreement was resolved by the Marion County trial court and no appeal was filed on the denial of the request for leave to file a supplemental pleading on the issue. In addition, the issue of attorney fees was the subject of a limited remand by the Third District Court of Appeals.[1]
Based upon the doctrine of res judicata, we find the trial court did not err in granting summary judgment to appellee.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
CASE NO. 00CAE11033.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.
[1] This issue remained unresolved in the Marion County case at the time of the filing of appellee's brief, January 8, 2001.